John A. Monteleone, J.
Petitioner seeks permission to bring an action against the respondent pursuant to sections 617 and 618 of the Insurance Law.
A hearing was conducted and the court makes the following findings of fact and conclusions of law.
The petitioner, a pedestrian on a sidewalk was struck by an unidentified vehicle at about 10:00 p.m. on November 11, 1972 at the corner of Putnam and Frinklin Avenues, Brooklyn, New York. A New York City patrolman attended the petitioner on the sidewalk and turned his body from one side to the other. Petitioner was removed to Cumberland Hospital wherein he remained for 22 days for treatment of injuries sustained. Mabel Crosby, an ambulance technician for the City of New York testified that when her ambulance arrived on the scene she saw a police car with two policemen therein across the street from petitioner. She further testified that she did not speak to these police officers nor did they exit from their vehicle in her presence. The ambulance call report indicates that the ambulance responded to the location in question pursuant to a call received at 10:16 p.m.
A report of the Fire Department of the City of New York indicates that ‘ ‘ On arrival found an unidentified civilian apparently hit by auto * * * Injured taken to St. John’s Hosp. via public amb. Aide —Mrs. Crosby ”. The date, time and place of occurrence as set forth in this Fire Department report is *401 November 11, 1972, 10:15 p.m., at Putnam and Franklin Avenues, Brooklyn, New York. It is apparent from the proof that the latter report has the wrong name of the hospital and that the unidentified person is the petitioner herein.
On the basis of the proof the court concludes that the occurrence took place. The petitioner never reported this occurrence and respondent opposes this application for noncompliance with subdivision (b) of section 608 of the Insurance Law and more particularly that provision dealing with the making of a report by one such as petitioner, within 24 hours after the occurrence to a police, peace or judicial officer in the vicinity or to the commissioner.
The question posed therefore, is whether this petitioner, under the circumstances, should have reported this occurrence pursuant to section 608 as hereinabove referred to.
The Accident Indemnification Law was passed by the New York Legislature by chapter 759 of the Laws of 1958 effective January 1, 1959. Section 600 sets forth the declaration of purpose and legislative intent for passage of this law. It provides therein that, “ The legislature determines that it is a matter of grave concern that such innocent victims are not recompensed for the injury and financial loss inflicted upon them and that the public interest can best be served by closing such gaps in the Motor Vehicle Financial Security Act ”. Unidentified vehicles which leave the scene of an accident are included and the court finds that petitioner oomes within the purview of this declaration of purpose and intent and is an innocent victim of a hit- and-run driver.
The respondent must, however, be protected from fraudulent claims, and a qualified person must meet statutory requirements, including proof of the actual happening of the occurrence (Matter of Boxill v. MV AIC, 33 A D 2d 13).
It is the duty of police officers to not only render assistance to injured persons but also to investigate the circumstances of the happening of an occurrence, such as an accident, and to make out and file reports pursuant to police regulations such as the U.F. 6, known as the patrolmen’s aided and accident report. Petitioner’s attorney requested such report from the New York City Police Department numerous times without avail. The request was returned with a notation “ no record ”.
Accordingly, petitioner finds himself in a position whereby either the Police Department lost the aided and accident report or that no report was made or filed by the police officer on the scene. Should this court penalize petitioner for the nonfeasance *402 or malfeasance of a police officer or of the Police Department? An innocent victim of a hit-and-run driver has the right to assume that a police officer would perform his duty and investigate and report the occurrence. There was no obligation, under the circumstances, for petitioner to report the occurrence to a police officer who was on the scene. This court also has the right to assume that an aided and accident report was duly made by a police officer but that it was lost or misfiled by the Police Department. The court concludes that it was the intent of the Legislature to require the reporting of an occurrence by a qualified person to those enumerated, such as the police, when the designated reporting person is not on the scene of the occurrence and accordingly has no knowledge thereof. To require petitioner to make a duplicate report of this occurrence would be superfluous and unnecessary under the circumstances.
The court also finds that petitioner has complied with section 618 of the Insurance Law. The application is accordingly granted.